IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTER FOOTWEAR, INC., | : | CIVIL ACTION NO. **3:CV-98-2133** |
| | : | |
| Plaintiff | : | Magistrate Judge Blewitt |
| | : | |
| v. | : | |
| | : | **FILED** |
| GRAYSTONE WORLD-WIDE, INC., | : | **SCRANTON** |
| AND INVESTMENT MANAGEMENT | : | |
| OF AMERICA, INC., et al., | : | **DEC 1 8 2007** |
| | : | |
| Defendants | : | PER _____ |
| | | DEPUTY CLERK |

## MEMORANDUM

This RICO and common law fraud action was pending almost nine years at the time the jury

trial finally commenced on September 4, 2007.[1]  Since there have now been practically 1100

documents filed in this case to date, we will not attempt to state the background of this legacy

herein.  Suffice to say that at trial, three of the remaining Defendants failed to appear or have

counsel appear on their behalf, namely Defendant Graystone World-Wide, Inc. ("Graystone"), the

Estate of Donald J. Hallisy ("Hallisy"), and Daniel Kemp.  The stated three Defendants undisputedly

received sufficient notice of the trial in this case.  Previously, the Court had ordered that Mrs.

Hallisy was acting as the Personal Representative of the Defendant Estate of Donald J. Hallisy.  (*See*

March 10, 2004 Order, Doc. 671).  Also, prior to trial, the Court had granted the Motion of

Attorney Weizenecker to Withdraw as Counsel for Graystone.  (Docs. 1046 and 1053).  Defendant

---

[1]Indeed, this case was one of the oldest pending cases in the Middle District of
Pennsylvania at the time of trial.

Kemp was proceeding *pro se* at time of trial.[2]  Defendant Kemp previously had counsel.  However, when Defendant Kemp's counsel was disbarred, he did not retain new counsel, despite being given ample opportunity to do so.

During the trial, on September 7, 2007, Plaintiff settled its claims as against all remaining Defendants, except for Defendants Graystone,  the Estate of Donald J. Hallisy, and Daniel Kemp.[3]  The jury was then dismissed prior to a verdict.  Subsequently, on October 9, 2007, Plaintiff filed a Motion for Default Judgment as against Defendants Graystone, the Estate of Donald J. Hallisy, and Daniel Kemp, as well as a support Affidavit of Plaintiff's counsel, with Exhibits.  (Docs. 1077 and 1078).  Only Defendant Kemp filed a *pro se* letter brief with attachments in opposition to Plaintiff's stated Motion.  (Doc. 1079).  On October 23, 2007, Plaintiff filed its support Brief.  (Doc. 1084). The Court scheduled a hearing with respect to Plaintiff's Motion for December 6, 2007.  (Doc. 1085).  Defendants Graystone, the Estate of Donald J. Hallisy, and Daniel Kemp were noticed of the hearing, and the Court directed these Defendants to attend the hearing.

At the December 6, 2007 hearing, counsel for Plaintiff appeared and Attorney Kevin Calfey appeared on behalf of Defendant Kemp.  Attorney Calfey orally moved the Court to enter his appearance on behalf of Defendant Kemp for purposes of Plaintiff's Motion for Default Judgment, and the Court granted his request.  Defendants Graystone and  the Estate of Donald J. Hallisy did

---

[2]The parties consented to the jurisdiction of the undersigned for trial.  *See* 28 U.S.C. §636(c).

[3]Plaintiff filed a Motion to Compel Defendants Badolato and Parker to Comply with the Settlement Agreement on November 20, 2007. (Doc. 1086).  When this Motion becomes ripe, the Court will set it for an in-person, on-the-record hearing.

not appear at the hearing, despite the Court's Order directing their attendance. Mrs. Hallisy faxed the Court a letter on November 30, 2007, in which she advised that due to her medical issues, *i.e.* kidney failure and cardiac condition, as well as her dire financial situation, she was not able to attend the December 6, 2007 hearing. (Doc. 1087). No response to Plaintiff's Motion for Default Judgment was filed on behalf of Defendant Graystone. The Court did not excuse the hearing attendance of either Defendant Kemp or Mrs. Hallisy by virtue of their letters to the Court. Indeed, the Court's November 20, 2007 Order remained in full force and effect. (Doc. 1085).

At the December 6, 2007 hearing, it was indicated that Defendant Kemp was previously represented in this case by Attorney Etheridge until he was disbarred in 2004. As stated, the Court permitted Defendant Kemp ample time to obtain new counsel, but he did not do so. Defendant Kemp was noticed as to the trial date of this case, and he failed to appear and defend himself with respect to Plaintiff's claims against him. In any event, at the December 6, 2007 hearing, the Court permitted Attorney Calfey to represent the interests of Defendant Kemp with respect to Plaintiff's Motion for Default Judgment. Attorney Calfey requested thirty (30) days to try and settle Plaintiff's Motion with respect to the amount of judgment Plaintiff would be granted as to Defendant Kemp. The Court agreed to Attorney Calfey's request and will hold the entry of Judgment requested in Plaintiff's present Motion, only as to Defendant Kemp, in abeyance for thirty (30) days, *i.e.* to January 6, 2008, to allow counsel to discuss the possibility of a settlement of Plaintiff's judgment amount with respect to Defendant Kemp.[4]

---

[4]The Court re-states that it remains available to assist the stated counsel in their attempt to settle this matter as to Defendant Kemp.

The Court also notes that, despite allowing counsel thirty (30) days to try and settle

With respect to Defendants Graystone and the Estate of Donald J. Hallisy, the Court agrees

with Plaintiff that it is entitled to default judgment against them due to their failure to participate

in the trial and the December 6, 2007 hearing.[5]  In its Motion, Plaintiff seeks default judgment

against Defendants Graystone,  the Estate of Donald J. Hallisy and Daniel Kemp jointly and/or

severally in the amount of $16,188,300.00, plus interest, costs and attorneys' fees.  Plaintiff's

default judgment request seeks the Court to award it treble damages pursuant to its RICO claims

under 18 U.S.C. § 1964(c), and the amount Plaintiff seeks reflects treble damages.  Specifically, in

its Motion, Plaintiff states as follows:

> 7.      In terms of the amount of the judgment Carter is asking be
> entered, attached as Exhibit C to Kevin C. Quinn's accompanying
> Affidavit is the CV and Expert Report of Carter's expert witness,
> Barry Williams, CPA ("Mr. Williams").  This Expert Report confirms
> that the principal amount of the damages Carter sustained as a
> direct and proximate result of the RICO scheme outlined in Carter's
> Amended Complaint - - a scheme in which Graystone, Hallisy and
> Kemp were all active participants - - is $5,396,100.00.  (See Mr. Williams'
> Report at p. 7.).  Significantly, despite having the opportunity to do so,
> neither Graystone, Hallisy's Estate nor Kemp ever produced an expert
> report which takes issue with the opinions expressed in Mr. Williams'
> Expert Report.
>
> 8.      In addition to the foregoing principal amount of Carter's
> damages, Carter further requests that the amount of default judgment
> to be entered against Defendants Graystone, Hallisy and Kemp, jointly

Plaintiff's judgment amount as against Defendant Kemp, the Court will enter default against
Defendant Kemp and enter judgment against him, and hold the judgment in abeyance until
January 6, 2008.

[5]As noted, the Court also finds that Plaintiff is entitled to default judgment as against
Defendant Kemp, and the Court will enter judgment against this Defendant, but hold it in
abeyance until January 6, 2008.

4

and/or severally, reflect the treble damages, costs and attorneys' fees to which Cater is statutorily-entitled under its RICO claims, 18 U.S.C. § 1964(c).

9.      Accordingly, the amount of the default judgment that Carter respectfully request be entered against Defendants Graystone, Hallisy's Estate and Kemp, jointly and/or severally, be set at $16,188, 300.00, plus interest, costs and attorneys' fees.

(Doc. 1077, ¶'s 7.-9.).

We do not find in the record that default has yet been entered as against Defendants Graystone, the Estate of Donald J. Hallisy and Daniel Kemp in this case due to their undisputed failure to attend the trial, and due to their failure to defend Plaintiff's claims against them even though they were ordered to attend the trial. The Court finds that, despite the responses of the stated Defendants to Plaintiff's Amended Complaint (Doc. 50 as to Defendants Graystone and Hallisy and Doc. 79 as to Defendant Kemp), it is proper to enter default under Rule 55(a) as against these three Defendants due to their failure to "otherwise defend" themselves. *See Rhino Assoc. & Sales Corp., v. Berg Manuf. & Sales Corp.* ("*Rhino*"), 2007 WL 3490165, * 2 (M.D. P.a 2007). The Court in *Rhino* stated:

> Although [defendant] Berg filed an answer in this action (*see* Docs. 7, 107), the entry of default against Berg is nonetheless appropriate for Berg's failure to "otherwise defend" itself. *See* Fed.R.Civ.P. 55(a); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992) ("The failure to plead is no greater an impediment to the orderly progress of a case than is the failure to appear at trial or meet other required time schedules, and we see no reason why the former would be subject to a sanction [under Rule 55] not equally applicable to the latter");

*Id*.

Thus, the Court will enter default as against Defendants Graystone, the Estate of Donald J. Hallisy and Daniel Kemp under Rule 55(a).

The Court now considers Plaintiff's Motion for Default Judgment as against Defendants Graystone, Kemp, and the Estate of Donald J. Hallisy.[6] As stated above, Defendants were served with and had adequate notice of Plaintiff's current Motion, as well as the Court's Order setting the December 6, 2007 hearing. *See* Fed. R. Civ. P. 55(b)(2). Also as stated, both Defendant Kemp and Mrs. Hallisy responded to these filings, but they did not appear at the hearing. Nor did Defendant Graystone appear. (Docs. 1079 and 1087). On December 6 2007, the Court did not conduct a full hearing on damages. As the *Rhino* Court stated, "[g]iven the evidence on damages and fees submitted by [plaintiff] Rhino . . ., which remains unopposed by [defendant] Berg, the Court finds that a hearing on damages is not required." 2007 WL 3490164, * 2. Similar to *Rhino,* this Court, in light of Plaintiff Carter's undisputed evidence on damages and fees it submitted (Doc. 1078 and attached Exhibits), "a hearing on damages is not required." *Id.* The *Rhino* Court cited to 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 2007) ("Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment and thus several courts have determined that a hearing is not required before

---

[6]As indicated above, the Court will enter default judgment as against Defendant Kemp, but it will hold the entry of default judgment as to Defendant Kemp in abeyance until January 6, 2008 for purposes of allowing counsel to try and settle Plaintiff's judgment amount as to only this Defendant. The Court will not hold in abeyance the entry of default as against Defendant Kemp since this Defendant clearly failed to defend against Plaintiff's claims at time of trial. Further, if counsel fail to reach an agreement as to Plaintiff's judgment amount against Defendant Kemp by January 6, 2008, the Court will enter the same judgment amount as it has entered against Defendants Graystone and Hallisy.

entering a default."). *Id.*  Plaintiff Carter also correctly recognizes that it is entitled to default judgment as against Graystone, the Estate of Donald J. Hallisy and Daniel Kemp due to their failure to otherwise defend, including their failure to appear at trial.  (Doc. 1084, p. 3).

The Court finds that Plaintiff has submitted a detailed factual basis to support its RICO claims as against Defendants  Graystone, the Estate of Donald J. Hallisy and Daniel Kemp.  (Doc. 1078, Exs. A and B attached to Attorney Quinn's Affidavit).  These facts were not disputed by the stated Defendants either in response to Plaintiff's current Motion or during the trial of this case.  Further, the Court finds that Plaintiff's undisputed Expert Report of CPA Williams substantiates the amount of damages Plaintiff sustained as a result of the RICO scheme Plaintiff has alleged against Defendants, namely $5,396,100.00.  (Doc. 1078, Ex. C attached to Attorney Quinn's Affidavit).

As stated, Plaintiff also requests the Court to enter treble damages and award it attorneys' fees against the stated three Defendants under RICO.

In *Lightning Lube, Inc. v. Witco Corp.*, 4 F. 3d 1143, 1187 (3d Cir. 1993), the Third Circuit stated as follows:

> Under 18 U.S.C. § 1964(c), any person injured in its
> business or property by reason of a violation of section
> 1962 may recover treble damages and attorney's fees.
> In order to recover under section 1964(c) a plaintiff
> must plead (1) a section 1962 violation and (2) an injury
> to business or property by reason of such violation.
> *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1164
> (3d Cir. 1989).

7

In *Tabas v. Tabas*, 47 F. 3d 1280, 1289-90 (3d Cir. 1995), *cert. denied*, 515 U.S. 1118 (1995), the Court stated:

> The RICO statute provides for civil damages for "any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). A common thread running throughout § 1962 is that an injured party must demonstrate that the defendant was engaged in a "pattern of racketeering activity." Section 1962(a) prohibits "any person who has received any income derived . . . from a pattern of racketeering activity" from using that money to acquire or operate any enterprise engaged in interstate commerce. Section 1962(b) prohibits any person from acquiring, maintaining an interest in, or controlling any such enterprise "through a pattern of racketeering activity." Section 1962(c) prohibits any person employed by or associated with an enterprise engaged in interstate commerce from conducting or participating in the affairs of the enterprise through "a pattern of racketeering activity." Finally, section 1962(d) prohibits any person from conspiring to violate subsection (a), (b), or (c).

*See also Kuligowska v. GNC Franchising, Inc.*, 2002 WL 32131024 *3 (W.D. Pa.).

In *Jaguar Cars v. Royal Oaks Motor Car Co.*, 46 F. 3d 258, 268 (3d Cir. 1995), the Court indicated that "§ 1962(c) liability requires conduct by defendant 'persons' acting through an 'enterprise'."

As stated, Plaintiff asserted RICO claims against all Defendants based upon violations of 18 U.S.C. §§ 1962 (c) and (d). (Doc. 1078-2, Ex. A attached to Attorney Quinn's Affidavit). The predicate acts of racketeering, which Plaintiff claims were committed by Defendants and which are alleged to constitute a pattern of racketeering activity, are stated in Ex. A attached to Attorney Quinn's Affidavit, pp. 2-6, Doc. 1078. Defendants Graystone, the Estate of Donald J. Hallisy and Daniel Kemp had the opportunity to appear at trial and defend against Plaintiff's claims and

Plaintiff's trial evidence submitted to support its claims, but they all failed to do so. Thus, the Court will not repeat herein the Plaintiff's undisputed evidence that supports its RICO claims against Defendants. (Ex. A attached to Attorney Quinn's Affidavit, Doc. 1078, pp. 2-6 and Ex. B). Rather, the Court adopts this undisputed evidence and incorporates it herein by reference.[7] Based on Plaintiff's undisputed evidence, the Court agrees with Plaintiff and finds that Plaintiff has shown that it was injured in its business by reason of the violations of § 1962 by Defendants Graystone, Kemp and Hallisy. The Court also finds that Plaintiff has proven proximate causation and has shown the direct involvement of its injury from the violative acts of the stated Defendants with respect to its RICO claims. *See Callahan v. A.E.V., Inc.*, 182 F.3d 237, 242 (3d Cir. 1999). The Court further finds that Plaintiff has established, by undisputed evidence, that the Defendants' fraudulent scheme against Plaintiff proximately caused Plaintiff's injuries.

The Court consequently finds that Plaintiff has established its RICO claims as against Defendants Graystone, the Estate of Donald J. Hallisy and Daniel Kemp. The Court also finds that Defendants Graystone, the Estate of Donald J. Hallisy and Daniel Kemp have all failed to refute, with any evidence, Plaintiff's claims against them. As stated, these Defendants had the opportunity to present any evidence they had at trial, and they all failed to appear.[8] Further, the Court does not

---

[7] As stated, Plaintiff also presented evidence at trial to support its RICO claims against Defendants Graystone, Kemp and Hallisy, and these Defendants did not appear and did not refute any of Plaintiff's trial evidence.

[8] As we mentioned in our September 2, 2005 Memorandum, Plaintiff basically alleges that Defendants made false representations in Graystone's public filings regarding the acquisition of Carter's assets and overstated expected revenues from said acquisition in order to inflate the value of Graystone stock to mislead the investing public and, in turn, sell the stock to the public at considerable profit. (*See* Amended Complaint, ¶ 4, ¶ 128).

find that the letter Brief of Defendant Kemp with Exhibits (Doc. 1079) and the letter of Mrs. Hallisy

(Doc. 1087) dispute Plaintiff's evidence.[9]

Plaintiff's Amended Complaint contained claims under RICO § 1962(c) and (d). (Doc. 1078,

Exs. A and B).  In order to state such a claim under § 1962(c), the allegations must include (1)

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima*, 473 U.S. at

496.  In order to establish RICO standing, "a plaintiff must first demonstrate that the defendant

committed a violation of one or more subsections of section 1962, and second, that the violation

was a substantial cause of the injury to his business or property." *Rehkop v. Berwick Healthcare

Corp.*, 95 F. 3d 285, 288 (3d Cir. 1996).  Further, as Plaintiff recognizes, "to plead a claim

successfully under section 1962(c), a complaint must be capable of being read to allege that a

'person' was conducting a pattern of racketeering through a separate and distinct enterprise."

*Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F. 3d 70, 72 (3d Cir. 1994).

As this Court stated in *Pagnotti Enterprises, Inc. v. Beltrami*, 787 F. Supp. 440, 444 (M.D. Pa.

1992):

> A "'pattern of racketeering activity' requires at least two acts
> of racketeering activity."  18 U.S.C. § 1961(5).  Racketeering
> activity is defined as (A) certain acts chargeable under state
> law, (B) acts indictable under specific provisions of Title 18 of
> the United States Code, (C) acts indictable under specific
> provisions of Title 29 of the United States Code, (D) any
> offense involving fraud in connection with a case under
> Title 11, fraud in the sale of securities, or the felonious
> manufacture or distribution of drugs, or (E) any act indictable

---

[9]In fact, Defendant Kemp's Exhibits attached to his letter Brief are the documents filed by
Plaintiff with respect to its present Motion.  (Doc. 1079).

under the Currency and Foreign Transactions Reporting Act.
18 U.S.C. § 1961(1).

*See also Tabas,* 47 F. 3d at 1290.

As Plaintiff correctly recognizes, mail and wire fraud[10] constitute predicate acts of racketeering activity under 18 U.S.C. § 1961. (Doc. 1078, Ex. A). *See Tabas*, 47 F.3d at 1290 (mail fraud and wire fraud constitute RICO predicate acts). In order to establish a claim of mail and wire fraud, there must be a scheme to defraud and the use of the mails or wires to execute such a scheme. *See The Wilkinson Co. v. Krups North America, Inc.,* 1999 WL 33134349 * 3(D. N.J.).[11]

In *Maio v. Aetna,* 221 F. 3d 472, 483 (3d Cir. 2000), the Court held that to state a claim under RICO, the plaintiff must make "a showing that the plaintiff's injury was proximately caused by the alleged RICO violation" and that "a showing of injury requires proof of concrete financial loss and not mere injury to a valuable intangible property interest." In *Brown v. Abdelhak*, 2000 WL 1201889 (E.D. Pa.) * 2, the court stated that "[i]n order to have standing to bring a RICO claim, the plaintiff must have been injured in his business or property, *see* 18 U.S.C. § 1962, and that injury must have been proximately caused by the alleged RICO pattern." (Citation omitted). (Doc. 48, Exhibit F). *See also Sedima*, 473 U.S. 496 ("[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation.").

---

[10]*See* 18 U.S.C. §1341 & § 1343, respectively.

[11]This Court is to apply the same analysis to determine if the elements of mail fraud and wire fraud are met. *Carpenter v. U.S.*, 484 U.S. 19, 25 n. 6 (1987).

In this case, Plaintiff has established through its undisputed submissions (Doc. 1078, Exs. B

and C), as well as by its trial evidence, that it was injured in its business and that it suffered

measurable damages as a proximate cause of stated three Defendants' conduct which amounted

to a RICO pattern.  Plaintiff's undisputed Expert Witness evidence (Doc. 1078, Ex. C) shows that

Plaintiff sustained principal damages in the amount of $5,396,100.00 as a direct and proximate

result of the RICO pattern of racketeering activity detailed in Exs. A and B to Doc. 1078, and that

Defendants Graystone, the Estate of Donald J. Hallisy and Daniel Kemp were directly involved in

this scheme.

Plaintiff also requests the Court to award it treble damages as well as attorneys' fees pursuant

to 18 U.S.C. § 1964(c).  As stated above, since Plaintiff has shown violations of §1962 (c) and (d)

by the stated three Defendants and it has shown that it was injured in its business as result of

Defendants' violations of § 1962, Plaintiff is statutorily entitled to treble damages, costs and

attorney's fees.  See Lightning Lube, Inc. v. Witco Corp., 4 F. 3d at 1187.[12]

Accordingly, the Court will enter default under Fed. R. Civ. P. 55(a) as against Defendants

Graystone, the Estate of Donald J. Hallisy, and Daniel Kemp, 'and the Court will grant Plaintiff's

Motion for Entry of Default Judgment (Doc. 1077) as against these three Defendants.  The Court

will enter a Judgment in the amount of $16,188,300.00, plus Plaintiff's attorneys' fees and costs,

---

[12]As discussed, Defendants Graystone, the Estate of Donald J. Hallisy, and Daniel Kemp
did not appear at trial and did not refute Plaintiff's trial evidence demonstrating that these
Defendants violated §1962(c) and (d).  Nor have these Defendants controverted Plaintiff's
expert witness evidence which has established their principal damages in the amount of
$5,396,100.00, and the Court has accepted this uncontested evidence.

12

in favor of Plaintiff and against Defendants Graystone, the Estate of Donald J. Hallisy and Daniel Kemp. The Court will hold in abeyance the Judgment as to only Defendant Kemp until January 6, 2008.

An appropriate Order and Judgment follow.[13]

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 18 2007**

---

[13]As stated above, the Court will hold in abeyance until January 6, 2008 the Judgment as against Defendant Kemp. Plaintiff's counsel shall notify the Court on or before January 6, 2008 as to whether a settlement has been reached between Plaintiff and Defendant Kemp with respect to a judgment amount.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARTER FOOTWEAR, INC.,                        :        CIVIL ACTION NO. **3:CV-98-2133**
                                              :
          Plaintiff                           :        Magistrate Judge Blewitt
                                              :
          v.                                  :
                                              :                        FILED
GRAYSTONE WORLD-WIDE, INC.,                    :                        SCRA.
AND INVESTMENT MANAGEMENT                      :
OF AMERICA, INC., et al.,                      :                        DEC 1 8 2007
                                              :
          Defendants                          :        PER _____

## ORDER AND JUDGMENT

**AND NOW,** this *18* day of **December, 2007**, based upon the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT** default under Fed. R. Civ. P. 55(a) is entered as

against Defendants Graystone, the Estate of Donald J. Hallisy, and Daniel Kemp. **IT IS**

**FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment **(Doc. 1077)** as

against Defendants  Graystone, the Estate of Donald J. Hallisy, and Daniel Kemp is **GRANTED**.

A Judgment in the principal amount of $16,183,300.00 is hereby entered in favor of Plaintiff

and against Defendants Graystone, Hallisy's Estate and Kemp, who/which shall be jointly and/or

severally liable to Plaintiff for said Judgment.  In addition, Defendants Graystone, Hallisy's Estate

and Kemp shall also be jointly and/or severally liable for Plaintiff's costs and attorneys' fees,

pursuant to 18 U.S.C. § 1964(c).

**IT IS FURTHER ORDERED** that the Judgment as against Defendant Kemp is held in abeyance until January 6, 2008.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: December 18 , 2007